CASE 92—MOTION BY CORA MAXWELL'S TRUSTEE FOR A RULE AGAINST E. L. ENGLAND TO SHOW CAUSE WHY HE SHOULD NOT PAY CERTAIN FUNDS TO HIM.—JUNE 3.

## Maxwell's Trustee v. England.

APPEAL FROM MARION CIRCUIT COURT.

FROM A JUDGMENT OVERRULING A DEMURRER TO A RESPONSE TO THE RULE THE TRUSTEE APPEALS. REVERSED.

APPEAL—FINAL ORDER—TRUSTEE—RIGHT OF TRUSTEE TO FUND—INTERFERENCE OF CESTUI QUE TRUST.

Held: 1. A judgment overruling a demurrer to a response to a motion for a rule on a master commissioner of the court, procured to compel him to pay over to the movant as trustee a certain trust fund held by such commissioner, is a final order, which the court of appeals has jurisdiction to review on the merits.

2. A beneficiary sued for the appointment of a trustee to hold a fund in accordance with the terms of her bequest, and obtained a judgment for his appointment, and an order for the master commissioner to pay the fund in his hands over to such trustee. HELD, that the judgment was binding until reversed or modified by some subsequent judgment, and the beneficiary could not prevent a compliance with such order by the commissioner.

THOMPSON & SPAULDING, FOR APPELLANT.

In an action in the Marion circuit court of Cora Maxwell v. J. Ann Hood, the master commissioner, England, was ordered

by the court to pay J. M. Knott, trustee for Cora Maxwell, $1,000, which was a fund willed to her by Elizabeth Chandler. Knott was directed to hold said fund for said Cora as long as she lives and pay her the interest annually. Knott, after qualifying, demanded the money from the commissioner who refused to pay him, whereupon he procured a rule against England, who responded in substance that the attorney for the *cestui que trust* had directed him not to comply with the order of the court. The trustee demurred to the response which was overruled by the court, holding the response good and discharged the rule, from which ruling of the court this appeal is prosecuted.

Our contention is, that after the trustee accepted the trust and qualified, the attorney for the *cestui que trust* had no further control over the case or the fund, and that said order directing the money to be paid to the trustee was final.

E. L. ENGLAND, FOR APPELLEE.

Cora Maxwell objected to the rule and was heard. Has she not the right to select her own trustee, and in the meantime let the fund stay in court where any one interested can take any steps by proper procedure they may desire? The attorney has not attempted to control the trust fund, but as attorney for the *cestui que trust* claims she has the right to select her own trustee and until she does do it, leave it in the control of the court. No one can be hurt by it except possibly the trustee who will lose his commission and all over six per cent. which he might make on the fund.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

At the January term, 1900, of the Marion circuit court, a judgment was entered in the equity suit of Cora Maxwell against Mrs. J. Ann Hood, etc., appointing the appellant, J. M. Knott, trustee of a fund of $1,000, devised by Elizabeth Chandler to Cora Maxwell for and during her natural life, and at her death to Mrs. Hood and Joseph E. Shelby equally, which was at that time in the hands of the appellee E. L. England, as master commissioner of the court, the fund having arisen from the sale of real property belonging to the estate of Elizabeth Chandler sold under judgment of the court in the settlement of her estate, and the appellee was directed by the judgment to pay the $1,000 to appel-

lant after his qualification as trustee. The appellant, Knott, accepted the appointment, executed the bond in conformity with the judgment, and duly qualified as trustee, and thereafter demanded of the appellee, England, that he should pay over to him as trustee for Cora Maxwell the $1,000 as directed by the judgment. This appellee refused to do, and subsequently appellant moved the court to grant a rule against appellee to show cause why he should not be compelled to comply with the judgment and pay over the money. Cora Maxwell, by attorney, objected to the rule, and appellee, E. L. England, filed the following response to the motion for a rule: He says that "at the January term, 1900, of this court, a judgment was entered in favor of plaintiff for $1,000.00 to be held in trust; that thereafter a supersedeas bond was executed superseding all of said judgment except the $1,000.00, and that said judgment directed the said sum to be paid to the trustee, and immediately this respondent made arrangement to pay said sum to said Knott, when the attorney for the plaintiff in whose favor the judgment was rendered and by whom it was controlled, ordered and directed this respondent in most emphatic terms not to pay over the said sum to said Knott, but to hold same and pay the interest to the plaintiff semi-annually. The respondent says that Cora Maxwell is over fourteen years old, and is married. This respondent has at various times loaned out to good and solvent parties various portions of said sum, and it is now bearing interest. Wherefore said respondent asked for the advice and direction of the court, and that the rule be discharged."

The appellant, Knott, filed a general demurrer to the response of appellee, on the ground that it did not state facts to support a defense to the rule. Upon the trial of this mo-

tion the court held the response of the appellee sufficient, and refused to require him to pay over the money to appellant in conformity with the judgment, and Knott has appealed, and discharged the rule.

The first point relied on by appellee is that the judgment of the trial court upon the demurrer is not a final order. In the Ency. of Pleading & Practice, vol. 2, p. 72, a final order is defined as an "adjudication made upon a motion or other application, completely disposing of the subject-matter and the rights of the parties." In Nelson v. Brown, 59 Vt., 601, 10 Atl., 721, it was said: "A final order is one that disposes of the merits of the cause; that settles the rights of the parties, under the issues made by the pleadings." In Hovey v. Crane, 10 Pick., 440, it was held that "any order or proceeding which disposes of the cause and places the parties out of the court is final."

The distinction between final and interlocutory orders and judgment is often difficult to determine, but, tested by the rules laid down supra, we are of the opinion that the judgment of the trial court overruling the demurrer to appellee's response was a final order, as it in effect adjudged that appellant was not entitled to the possession of the trust fund under the judgment, and put him out of court. We therefore conclude that this court has jurisdiction to determine the question upon its merits.

After the entry of the judgment appointing appellant, Knott, trustee, to hold the fund of $1,000 in accordance with the terms and conditions of the bequest in the will of Elizabeth Chandler, and directing appellee to pay it over to him upon demand, neither Cora Maxwell nor her attorney had any legal right to forbid appellee from complying with that judgment. It was binding upon both appellant and appellee until reversed, modified, or changed by some

subsequent judgment properly rendered. It follows, therefore, that the trial court erred in not sustaining the demurrer filed by appellant to appellee's response, and in failing to make the rule for the payment of the money in accordance with the judgment absolute.

For the reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.