## Wallace et al. v. Haven (three cases).

May 26, 1939.

OTTO C. MARTIN and G. V. WILLIS for appellants.

A. J. BRATCHER and W. A. MOORE for appellee.

OPINION OF THE COURT BY JUDGE STITES—Dismissing appeal.

Under date of March 23, 1920, the appellee, A. Haven, conveyed a tract of land containing 275 acres to his son, Blaine Haven, "his bodily heirs and assigns," Kentucky Statutes, Section 2343, in consideration of love and effection. The deed forbade the grantee ever to mortgage the land and also contained the following provision which forms the basis of the present controversy: "The said Blaine Haven is to further pay the said A. Haven (1/3) one-third rent received from said land should he so demand it as long as he lives." Blaine Haven seems to be a ne'er-do-well and all but about 50 acres of the land has slipped away from him, principally into the hands of his creditors. He has made general warranty deeds of a total of 108 acres to the appellants.

Appellee made no demand for rent until the year 1937. He then filed three separate suits against the appellants demanding one-third of the crops for the year 1937 under the terms of his deed to Blaine. The actions were consolidated and have been heard as one suit. Appellants filed a special demurrer to the petition on the ground that the court was without jurisdiction and also on the ground that Blaine Haven was a necessary party. These special demurrers were overruled, as was also a general demurrer. Appellants thereupon filed an answer and what they denominate a cross-petition against Blaine Haven and his wife, although his name is not mentioned in the caption, Civil Code of Practice, Section 110, and, so far as this record discloses, he never appeared in the action and he is not made a party to this appeal. Proof was taken and, on final submission, the chancellor entered a judgment upholding the right of appellee to a lien on the land conveyed for "one-third of the rents received from said land for year 1937."

The judgment does not pass upon the cross-petition nor undertake to define what may be meant by the term "rents received." It is apparently accepted that the term "rents" has reference to the usual cropper's contract in that locality whereby the landlord is to receive one-third of the corn and one-fourth of the hay and

beans produced, but whether by "one-third of the rents received" the court meant to adjudge that appellee was entitled to a lien for a full one-third of the crops or simply one-third of the usual crop rental—i. e., one-ninth or one-twelfth of the total—does not appear. Indeed, it does not appear but that the court might adjudge that appellants, as owners of the fee, had "received" no rents and that no lien, therefore, existed. The judgment recites that the court is "in some doubt as to the exact amount of rents received" and the action is therefore "continued for the purpose of ascertaining the exact amount due the plaintiff." It is further provided "that when said amounts are ascertained that the plaintiff is is entitled to have said land sold to satisfy his said lien, and this cause is continued for the fixing of the amount and for sale in event same is not paid."

A mere recital of the terms of the judgment demonstrates that it lacks the essentials of finality necessary to a review by this Court. Kentucky Statutes, Section 950-1.

"A final order either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right, in such a manner as to put it out of the power of the court making the order after the expiration of the term, to place the parties in their original condition." Maysville & Lexington Railroad Company v. Punnett, 15 B. Mon. 47, 48; Maxwell's Trustee v. England, 115 Ky. 783, 74 S. W. 1091, 25 Ky. Law Rep. 143.

The determination of the amount of appellee's lien is, plainly, implicit in the construction of the term "rent received." The judgment brought here does no more, in substance, than to adjudge that appellee has a lien but it does not do even that with finality. There is nothing to show that the court has done more than express an opinion as to the principle on which it will enter a final judgment and there is nothing to prevent it from changing its opinion at a subsequent term when it comes to enter that judgment. No effort is made to adjudicate anything on the cross-petitions and we have no assurance that the case is not still pending in the trial court. It follows that the judgment is purely interlocutory and we are without jurisdiction of the appeal.

Appeal dismissed.

Whole Court sitting.