## The Trade Discount Co. v. J. R. Cox & Co.

(Decided May 5, 1911.)

### Appeal from McLean Circuit Court.

1. Appellate Jurisdiction—The appellate jurisdiction of the Court of Appeals is over final orders and judgments only.

2. Final Order—A final judgment or order is such an order as at once puts an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy sued for.

3. Same—A final judgment must not merely decide that one of the parties is entitled to relief of a final character, but it must give them relief by its own force, or be enforceable for that purpose either without further action of the court or by process of contempt.

J. W. BOSTON for appellant.

MILTON CLARK for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing appeal.

On May 28th, 1908, the appellees, J. R. Cox & Co., accepted a bill of exchange drawn upon them for $280.53 by the Mutual Manufacturing Co., of Canton, Ohio. On June 17th, 1908, the Mutual Manufacturing Co. assigned said bill to the appellant, The Trade Discount Co., and it, as assignee and owner and holder of said bill, sued the appellee to recover the $280.53. Appellees answered that the acceptance had been obtained from them by the Mutual Manufacturing Co. by fraud and misrepresentation, and that the appellant had acquired the bill with knowledge of the fraud and misrepresentation, and after its maturity.

Upon the trial the court submitted to the jury the single question as to whether the bill had been transferred to appellant after its maturity. The jury returned the following verdict:

"We, the jury, find the paper sued on was not transferred till after maturity."

Whereupon the court entered this order:

"It is, therefore, ordered and adjudged by the court that defendants recover of plaintiff their costs herein at this term expended, and execution may issue, and this case is continued."

The appellant appeals from that judgment, and appellees have moved to dismiss the appeal upon the ground that there has been no final order in the case.

The appellate jurisdiction of this court is over final orders and judgments only. (Ky. Stat., 950.)

A final judgment or order is such an order as at once puts an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy sued for. (3 Blackstone Com., 497.)

It must not merely decide that one of the parties is entitled to relief of a final character, but it must give that relief by its own force, or be enforceable for that purpose, either without further action by the court, or by process of contempt. In other words, a final order is an order that disposes of the merits of the case; that settles the rights of the parties under the issues made by the pleadings; or, which disposes of the cause and places the parties out of court. Maxwell v. England, 115 Ky., 783.

In the case at bar the judgment does not attempt to dispose of the case. It merely adjudges costs against the appellant incurred at the May term of the court, and continues the case. It does not even adjudge, in terms, that the bill was transferred to the appellant after maturity. But if we should give the verdict of the jury the force of a judgment it would not dispose of the case, since it would still leave for trial the controlling question as to whether the acceptance of the bill was procured from the appellees by the fraud and misrepresentation of the Mutual Manufacturing Co. The verdict of the jury that the transfer was made after maturity, even if properly rendered, did not dispose of the questions of fraud and misrepresentation; and as no attempt has been made to try those questions, the appeal is clearly premature.

Appeal dismissed.