## Harrison v. Stroud, et al.

(Decided November 27, 1912.)

### Appeal from Grant Circuit Court.

1. Appeal—Jurisdiction of Court of Appeals Over Judgments from Inferior Courts—Premature Appeal.—The Court of Appeals has appellate jurisdiction only over final orders and judgments of inferior courts; if the order appealed from is interlocutory merely in its nature, the appeal is premature and will be dismissed.

2. Judgments—What is Final Judgment.—A final judgment or order is such an order as at once puts an end to the action by declaring the plaintiff has either entitled himself, or has not, to recover the remedy sued for; it disposes of the merits of the case, and settles the rights of the parties under the issues made by the pleadings, or disposes of the case and puts the parties out of court.

3. Judgment—Sustaining Demurrer to Petition—Not Final Order.—An order which sustains a demurrer to a petition, and goes no further, is not a final order.

A. G. DeJARNETTE and E. K. WILSON for appellant.

O. S. HOGAN and CLORE, DICKERSON & CLAYTON for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing Appeal.

The appellant, Harry Harrison, and the appellee, William Stroud, were rival candidates for the office of town marshal of Williamstown at the election held in November, 1907. Appellant received the certificate of election; but upon a contest, the circuit court held that Stroud was entitled to the office. In his contest suit, Stroud procured an injunction, which prevented Harrison from exercising the duties of the office, pending the contest. Upon an appeal, however, to this court, the judgment of the circuit court was reversed, this court

holding that there was no election, and that the injunction proceedings were without authority of law. See Harrison v. Stroud, 129 Ky., 200.

Subsequently, Harrison instituted this suit against Stroud and the sureties upon his injunction bond, to recover the profits of the office of which he had been deprived by the injunction, and an attorney's fee in the injunction proceedings. The items of his claim are as follows:

| | | |
|---|---|---|
| (1) | Salary at $20.00 per month ........... | $224.00 |
| (2) | Fees for collection of town taxes ...... | 100.00 |
| (3) | Fees for arrests and service of other process . . .......................:.... | 50.00 |
| (4) | Attorney's fee in the injunction proceedings ... _____ | 750.00 |
| (5) | Costs recovered in the injunction suit.. | 10.00 |
| | Total ........................... | $1,134.00 |

Appellee demurred to each item of the claim, and upon a hearing of the several demurrers, the court entered the following order on October 8, 1910:

"This cause being submitted on the general and the particular demurrers of the defendants to the petition, and the court being advised, it is ordered and adjudged that the general demurrer to the petition as a whole be overruled, to which the defendants except. That the second demurrer which goes to so much of the petition as seeks to recover $224 salary as marshal, is sustained, to which the plaintiff excepts. That the third demurrer which goes to so much of the petition as seeks to recover $100 compensation for collecting the taxes of said town, and $50 in fees for arrests and services of process is sustained, to which the plaintiff excepts. The fourth demurrer which goes to so much of the petition as seeks to recover $750 attorney's fees for services rendered by plaintiff's attorneys in an effort to procure a dissolution of the injunction is sustained with leave to amend, to which the plaintiff excepts. The fifth demurrer which goes to so much of the petition as seeks to collect $10 as cost of the former action is overruled, to which the defendants except.

"That the sixth demurrer which demurs to the whole petition, because the plaintiff does not allege any demand made upon the defendants for the payment of the

sums sought to be recovered prior to the commencement of the action is overruled, to which the defendants except.''

An amendment having cured the petition as to the fourth item, and an issue having been made upon the question of the attorney's fee, upon a trial of that issue before a jury, plaintiff recovered a verdict and judgment for $60, which has been paid. Appellant, however, is not complaining of the verdict for the attorney's fee, but prosecutes this appeal from the order of October 8, 1910, above set forth, which passed upon the several demurrers to the petition.

This court has appellate jurisdiction only from final orders and judgments of inferior courts; if the order appealed from is interlocutory merely in its nature, the appeal is premature and should be dismissed. (Ky. Stats., sec. 950.)

In The Trade Discount Co. v. J. R. Cox & Co., etc., 143 Ky., 516, a final order was thus defined:

''A final judgment or order is such an order as at once puts an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy sued for. (3 Blackstone Com., 497.)

''It must not merely decide that one of the parties is entitled to relief of a final character, but it must give that relief by its own force, or be enforceable for that purpose, either without further action by the court, or by process of contempt. In other words, a final order is an order that disposes of the merits of the case; that settles the rights of the parties under the issues made by the pleadings; or, which disposes of the cause and places the parties out of court. Maxwell v. England, 115 Ky., 783.''

Applying this rule to the order appealed from in this action, it appears, both from reason and authority, that the order appealed from was interlocutory, and not final.

In Ferguson v. Mason, 20 Ky. L. R., 1702; 50 S. W., 15, the court sustained a demurrer to the petition, and the plaintiff, electing to stand by his petition, prayed an appeal from the order sustaining the demurrer. In dismissing the appeal we said:

''It is a well settled rule of law that an appeal can only be prosecuted from a final order or judgment upon the merits of the case or rights of the parties, and that the court may at any stage of the case disregard an or-

der or judgment upon demurrer. Commonwealth v. L. & N. R. R. Co., 16 Ky. L. R., 484.''

And, in the later case of Bennett v. City of Louisville, 23 Ky. L. R., 373; 62 S. W., 1041, the opinion in full reads as follows:

''The court below sustained a demurrer to the petition in this case, but made no disposition of the action. No final judgment having been entered, the appeal is dismissed.''

See, also, Alexander v. de Kermel, 81 Ky., 348.

The fact that the court subsequently tried the issue raised upon the attorney's fee cannot enlarge appellant's rights upon this appeal, since he is not appealing from the final judgment upon the issue tried; he is appealing only from the interlocutory order of October 8, 1910, which sustained the demurrers to the first three items of his petition.

The appeal is dismissed.