## Lindenberger v. Rowland, et al.

(Decided May 7, 1914.)

### Appeal from Jefferson Circuit Court (Chancery, Second Division).

1. **Deeds—General Warranty—Subsequent Encumbrances.**—A general warranty in a deed "against all encumbrances whatsoever, except taxes for 1906, which the purchaser assumes to pay," applies

only to encumbrances existing at the time of the execution and delivery of the deed, and does not include liens for street improvements made many years thereafter.

2. Reformation of Instruments—Grounds—Mistake.—Where an instrument fails to embody the actual agreement made or transaction determined upon by the parties thereto, reformation is the proper remedy; but the instrument sought to be corrected must fail to express the real agreement or transaction because of mistake common to both parties, or because of mistake on one side and fraud or inequitable conduct on the other.

3. Reformation of Instruments—Grounds—Mistake of Draftsman or Scrivener.—Where an instrument is drawn with the intention of carrying into execution an agreement previously made, and which, by the mistake of the draftsman or scrivener either as to law or fact, does not fulfill the intention, but violates it, there is ground to correct the mistake by reforming the instrument and enforcing specific performance of the original contract according to the real intention of the parties.

4. Reformation of Instruments—Grounds—Mistake—Contemplation of Parties.—The mistake against which reformation of an instrument is sought must relate to something within the contemplation of the parties in making their contract.

5. Pleading—Reformation of Instruments.—In pleading a cause in reformation the material facts should be set forth in clear and concise language.

6. Pleading—Reformation of Instruments—Necessary Allegations.— To sustain a cause in reformation it is necessary to show (1) the grounds of reformation; (2) the agreement actually made; (3) the agreement which the parties intended to make.

7. Pleading—Reformation of Instruments—Mutual Mistake.—Where the ground for reformation is mutual mistake, the mutual mistake, or circumstances from which the same can be readily inferred, should be alleged with precision and clearness.

8. Reformation of Instruments—Pleading—Sufficiency.—In an action in reformation, pleadings examined and held insufficient to sustain the cause.

WILLIAM FURLONG and FURLONG, WOODBURY & FURLONG for appellant.

J. C. DODD and A. P. DODD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On November 28, 1905, Carrie Rowland and Eliza Dumesnil sold and conveyed to Addie Lindenberger a lot of ground fronting on the east side of Galt Avenue in Louisville. Mrs. Lindenberger died November 10, 1912, leaving a last will and testament by which she de-

vised all of her property to her husband, George Lindenberger.

On November 18, 1912, the Bickel Asphalt Paving Company brought suit in the Jefferson Circuit Court against George Lindenberger to enforce against the property an improvement lien for the construction of Galt Avenue, pursuant to certain ordinances enacted by the General Council of the City of Louisville. Thereupon George Lindenberger filed a cross-petition against Carrie Rowland and Eliza Dumesnil, in which he sought to hold them liable for the amount of the apportionment warrant. A demurrer to the cross-petition as amended was sustained, and the cross-petition dismissed. Lindenberger appeals.

After setting out his purchase of the property in 1905, the conveyance thereof to his wife, and that he was the owner under his wife's will, the cross-petition contains the following:

"The defendant states that at the time of the purchase of said lot from the defendants the said defendants through their agents, servants and employes, stated and represented to this defendant that the said Galt Avenue in front of the lot so conveyed by the defendants and said Galt Avenue from Frankfort Avenue to Payne Street had been made and constructed and accepted by the City of Louisville, and that the price which the defendants charged for said lot, and which this defendant and cross-plaintiff paid to said defendants therefor, included the cost of the making and construction of said Galt Avenue as against said lot and that said lot would not thereafter have to pay anything toward the construction of said Galt Avenue, and this defendant relied on said statements and representations of the defendants, their agents and servants, in purchasing said property and in paying the price therefor, which said defendants asked, and but for said statements and representations on the part of the defendants, their agents and servants, this defendant would not have purchased said lot or paid the price therefor demanded by the defendants.

"The defendant states that he did not discover until May, 1909, that said Galt Avenue had not been originally constructed or that when it should be constructed that the abutting property would have to pay the cost thereof and that the defendants, Carrie Rowland and Eliza Dumesnil, at the time of said conveyance believed

that said street had been originally constructed, and that said property would not have to pay any part of the cost thereof when the same was afterwards constructed by the City of Louisville, and they did not discover until 1909 that the improvement of said street, at the time of said conveyance, was not the original construction thereof, and that the defendant and cross-plaintiff and the two cross-defendants were all under the mistaken belief in the sale by said cross-defendants of said property and the purchase thereof by the cross-plaintiff that said street was made and accepted by the City of Louisville.''

After alleging the construction by plaintiff of Galt Avenue, pursuant to certain ordinances enacted by the General Council of the City of Louisville, and the issuance of an apportionment warrant against the property in question for the sum of $636.85, the cross-petition contains the following:

''The cross-plaintiff now calls upon the defendants, Carrie Rowland and Eliza Dumesnil, to answer and defend the claim of the plaintiff herein on said apportionment warrant against said lot of land, and if it is decided that said lien is a valid one, then that this defendant and cross-plaintiff be given a judgment against said defendants on the warranty in their deed and on their contract made with this defendant at the time of said purchase and that he have judgment against said defendants for whatever amount, interest and costs is adjudged against him herein in favor of the plaintiff. The cross-plaintiff states that in said deed of conveyance the cross-defendants warranted said property conveyed to his said wife to be free of all liens and encumbrances, and that said cross-defendants through their agents and servants, represented to this defendant and cross-plaintiff that said property was free of any future lien or encumbrances for the improvement of Galt Avenue, and the warranty in said deed was understood and agreed between this defendant and said cross-defendants to expressly include a warranty against any lien against said property for any improvement of Galt Avenue between Frankfort Avenue and Payne Street. But if the court is of opinion that said warranty as at present written in said deed of conveyance does not include the lien for the improvement of Galt Avenue then this defendant and cross-plaintiff asks that the contract of purchase and the deed of conveyance from said defendants, Rowland and

Dumesnil, to this cross-plaintiff be reformed and corrected so as to expressly include a warranty and protection to this defendant against said lien or claim of the plaintiff for the improvement of Galt Avenue.''

The cross-petition then concludes with a prayer that the deed of conveyance to his wife be reformed and corrected so as to expressly include a warranty against any claim against said property for the improvement of Galt Avenue. Thereafter an amended cross-petition was filed, containing the following allegation:

''The defendant and cross-plaintiff, George Lindenberger, amends his cross-petition herein against the defendants, Carrie Rowland and Eliza Dumesnil, and now reiterating and adopting as part of this amendment all of the allegations of his original cross-petition herein, states that at the time he purchased the land described in said cross-petition herein, from said defendants before the execution of the deed referred to therein said Galt Avenue in front of said property had been constructed by grading, curbing, and paving with macadam pavement, and it was expressly represented to this cross-plaintiff by said defendants and their agents that said street had been made and there would be no further charge against the lot of land for any subsequent improvement of Galt Avenue, and that this cross-plaintiff and said defendants both believed that such was the fact and said contract was made under the mistaken belief by both the cross-plaintiff and said defendants that the deed as written warranted said lot against any further lien or claim for the improvement of Galt Avenue; that the contract of sale was to the effect that said lot would not thereafter be charged with any cost of improvement of Galt Avenue, and that this cross-plaintiff, depending on the cross-defendants and their agents to properly write said deed as this cross-plaintiff was not represented by counsel, and had nothing to do with the preparation or writing of the deed, but that it was prepared and written by the cross-defendants and their agents, and at the time said deed was delivered to this cross-plaintiff, both this cross-plaintiff and the cross-defendants believed that the warranty contained, covered any claim for the future improvement or construction of said Galt Avenue.''

The deed from Mrs. Rowland and Mrs. Dumesnil to Addie Lindenberger contains the following warranty:

"With Covenant of General Warranty against all encumbrances whatsoever, except taxes for 1906, which the purchaser assumes to pay."

Manifestly the above warranty applies only to encumbrances existing at the time of the execution and delivery of the deed, and does not include liens for street improvements made many years thereafter. Long v. Barber Asphalt Co., 151 Ky., 7. The only question to be determined is: Are the allegations of the cross-petition sufficient to justify a reformation of the deed on the ground of mutual mistake?

It is well settled that when an instrument fails to embody the actual agreement made or transaction determined upon by the parties thereto, reformation is the proper remedy if the case is made out by proper proof; but the instrument sought to be corrected must fail to express the real agreement or transaction because of mistake common to both parties, or because of mistake on one side and fraud or inequitable conduct on the other. 34 Cyc., 907; Pickett v. Taylor, 29 Ky. L. R., 1219, 96 S. W. 1111. Furthermore, wherever an instrument is drawn with the intention of carrying into execution an agreement previously made, and which, by the mistake of the draftsman or scrivener, either as to law or fact, does not fulfill the intention, but violates it, there is ground to correct the mistake by reforming the instrument and enforcing the specific performance of the original contract according to the real intention of the parties. 34 Cyc., 911; Thomas v. Conrad, 114 Ky., 841, 71 S. W., 903; Deever v. Deever, 19 Ky. L. R., 1988, 44 S. W., 986.

In all such cases, however, the agreement itself should be definite. Auer v. Matthews, 129 Wis., 143, 108 N. W., 45. The mistake against which reformation is sought must relate to something within the contemplation of the parties in making their contract. It is something agreed upon but not written as agreed upon, and therefore not covered, but intended to be covered, by the written instrument. Queen Ins. Co. v. John Spry Lumber Co., 138 Ill. App., 620; Hausbrandt v. Hofler, 117 Iowa, 103, 90 N. W., 494; Tesson v. Atlantic Mut. Ins. Co., 40 Mo., 33, 93 Am. Dec., 293; Curtis v. Albee, 167 N. Y., 360, 60 N. E., 660; 34 Cyc., 910 In pleading a cause in reformation the material facts should be set forth in clear and concise language. Pearson v. Dancer, 144 Ala., 427, 39 So., 474; Langmede v. Weaver, 65 Ohio

St., 17, 60 N. E., 992. It is necessary to show (1), the grounds of reformation; (2), the agreement actually made; (3), the agreement which the parties intended to make. Peacock v. Bethea, 151 Ala., 141; Webb v. Borden, 125 N. C., 188; Grossbach v. Brown, 72 Wis., 458. Where the ground for reformation is mutual mistake, the mutual mistake or circumstances from which the same can be readily inferred, should be alleged with precision and clearness. Horne v. J. C. Turner Cypress Lumber Co., 55 Fla., 690; Lewis v. Lewis, 5 Oregon, 169.

Stripped of surplusage, the cross-petition alleges the following facts: The cross-defendants, through their agents, represented to the cross-petitioner that Galt Avenue had been made and constructed by the City of Louisville. The price paid by the cross-plaintiff included the cost of such construction. The lot would not, therefore, have to pay anything towards the construction of Galt Avenue. Cross-plaintiff relied on these representations, and would not have purchased the property except for them. Cross-plaintiff did not discover until the year 1909 that Galt Avenue had not been originally constructed. Cross-defendants believed at the time of conveyance that said street had been originally constructed, and that the property would not have to pay any part of the cost of said street if thereafter constructed by the City of Louisville. Cross-plaintiff and cross-defendants were under the mistaken belief at the time of the sale that the street had been made and accepted by the City of Louisville. Cross-defendants warranted that the property conveyed was free of all liens and encumbrances, and represented, through their agent, to cross-plaintiff that it was free of any future lien or encumbrance for the improvement of Galt Avenue. The warranty in the deed was understood expressly to include a warranty against any lien against said property for any improvement of Galt Avenue. The cross-petition, as amended, alleges in substance the following: The cross-petitioner purchased the land, cross-defendants represented that there would be no charge against the lot of land for any subsequent improvement of Galt Avenue, and cross-plaintiff and cross-defendants both believed that such was the fact. The deed was made under the mistaken belief of both parties that the deed as written warranted said lot against any further lien or claim for the improvement of Galt Avenue. The contract of sale was to the effect that said lot would not

thereafter be charged with any cost of the improvement of Galt Avenue. Cross-plaintiff had nothing to do with the writing of the deed, which was prepared by the cross-defendants and their agents. At the time the deed was delivered by them, cross-plaintiff and cross-defendants believed that the warranty contained covered any claim for the future improvement or construction of Galt Avenue.

Construed in the light of the foregoing principles, it is apparent that the cross-petition is altogether insufficient. Certainly, in an extraordinary case of this kind, where it is sought to reform a covenant of general warranty and make it apply to all future improvements, whenever and by whatever authority they might be made, by the City of Louisville, the rule requiring the pleading to state the grounds of reformation in clear and concise terms should not be departed from. Reduced to its final analysis, the cross-petition merely alleges that the cross-defendants represented that there would be no further charge against the lot of land for any subsequent improvement of Galt Avenue, and that the cross-plaintiff and cross-defendants believed that such was the fact, and that the deed was executed under the mistaken belief by both parties that it warranted said lot against any further lien or claim for the improvement of Galt Avenue. In other words, there is no allegation that the parties ever intended to incorporate in the deed a warranty against all future improvement taxes. The mere allegation that the parties believed that the warranty in the deed covered any claim for future improvement or construction of Galt Avenue is not sufficient to show that they actually intended to incorporate in the deed a warranty against all future improvement taxes. Indeed, the only mistake relied on is the mistaken belief that the deed covered such a warranty. The cross-petition should have alleged in clear and unambiguous language facts showing that the cross-defendants actually intended to warrant the property against all future improvement taxes, and that this warranty was omitted from the deed by mutual mistake of the parties. Such facts not being sufficiently alleged, we conclude that the chancellor properly sustained the demurrer.

Judgment affirmed.