## Stark v. Suttle.

(Decided October 18, 1918.)

### Appeal from Warren Circuit Court.

1. Reformation of Instruments—Grounds—Mutual Mistake.—Equity will reform a written contract when by reason of the mutual mistake of the parties it does not express their true agreement.

2. Reformation of Instruments—Pleading—Instrument as Made and as Intended.—In pleading a cause in reformation, it is necessary to allege in clear and concise language the grounds of reformation, the agreement actually made and the agreement which the parties intended to make.

3. Reformation of Instruments—Pleading—Grounds—Mistake.— Where the ground of reformation is mutual mistake, it is not necessary to allege mutual mistake in terms, but a pleading is generally regarded as sufficient which alleges facts from which a mutual mistake may be readily inferred.

4. Reformation of Instruments—Pleading—Grounds—Mistake.—A pleading which alleges in substance that the true agreement between the parties was that the defendant was to pay plaintiff $25 per month, whereas by error, oversight and mistake, contract provided that he should pay plaintiff $40 per month, alleges facts from which mutual mistake may be readily inferred and is therefore good on demurrer.

5. Reformation of Instruments—Pleading—Mistake—Failure to Allege When Discovered—Effect.—The sufficiency of an answer and counterclaim asking a reformation of a written instrument on the ground of mistake is not affected by the defendant's failure to state when he discovered the mistake, since that feature of the case bears only on the questions of limitation and laches which are not raised by the demurrer.

6. Reformation of Instruments—Pleading—Mistake—Payments Made by Mistake—Effect.—The sufficiency of an answer and counterclaim asking a reformation of a written instrument on the ground of mistake is not affected by the fact that the defendant continued to make payments for several years as provided by the contract, since that inquiry will not become material until the case is tried on the merits.

W. W. MANSFIELD and W. B. GAINES for appellant.

BRADBURN & BASHAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On June 13, 1911, C. H. Moore, Jr., and Mary B. Suttle and husband conveyed to J. Dan Stark the south half of a lot of ground on College street, in Bowling

Green, the deed providing that Mrs. Suttle was to receive out of the rents of the property the sum of $40.00 per month, secured by a lien upon the rents, so long as she lived. On June 12, 1912, the same parties entered into a contract by which the $40.00 per month reserved out of the rents from the south half should be transferred and secured by a lien on the north half. Pursuant to this agreement, Mary B. Suttle and husband, on June 13, 1912, conveyed to J. Dan Stark the north half of the property, the deed providing that it was delivered and accepted by the grantee, subject to the lien or charge in favor of Mrs. Suttle of $40.00 per month during the remainder of her natural life.

After paying Mrs. Suttle the sum of $40.00 per month for several years, J. Dan Stark declined to pay her anything in excess of $25.00 per month. Thereupon Mrs. Suttle brought this suit to collect the past due payments and to enforce her lien. The defendant filed an answer, counterclaim and set off. In the first paragraph he admitted and denied certain allegations of the petition. The second paragraph is, in part, as follows:

"Defendant, for further answer, counterclaim and set off says that at the time of the execution and delivery of said deed and said contract the plaintiff represented to the defendant that she had an interest in and to the property known as the Moore property and the northeast one-half thereof, and that the said Chas. H. Moore had agreed to pay to her the sum of $25.00 per month during her natural life upon some agreement between the said Chas. H. Moore and the plaintiff, either verbal or written, and at said time this defendant agreed between the parties that he would and did assume to pay and carry out said agreement of Chas. H. Moore with plaintiff to pay her said sum of $25.00 per month out of the rents and profits of said property for and during her natural life, and that by an error, oversight and mistake, and without any consideration whatsoever, it was inserted in said contract that the defendant should pay to the plaintiff the sum of $40.00 per month when in fact the positive contract and agreement was that he would assume and agree to pay to her only the agreement of the said Chas. H. Moore, or the sum of $25.00 per month, and defendant avers and charges that thereafter by mistake, error and oversight he continued to pay to the plaintiff

wrongfully $40.00 per month from the date of said con-
tract until January, 1916, and thereafter, to-wit, from
January, 1916, pursuant to the actual agreement and
contract, he paid to the plaintiff only the sum of $25.00
per month up to and including August, 1916, and he
says that by reason of said mistake and oversight he has
overpaid plaintiff $15.00 a month, or amounting to the
sum of $————, which he pleads and relies upon as a
counterclaim and set off against the plaintiff.''

To this answer and counterclaim a demurrer was sus-
tained and the answer and counterclaim dismissed.
Thereupon judgment was rendered for the past due pay-
ments and the property ordered sold. The defendant
appeals.

Equity will reform a written contract when by reason
of mutual mistake of the parties it does not express their
true agreement. In pleading a cause in reformation it
is necessary to allege in clear and concise language the
grounds of reformation, the agreement actually made and
the agreement which the parties intended to make.
Where the ground of reformation is mutual mistake, it
is not necessary to allege mutual mistake in terms, but
a pleading is generally regarded as sufficient which al-
leges facts from which a mutual mistake may be readily
inferred. Lindenberger v. Rowland, 158 Ky. 760, 166 S.
W. 242. Applying these principles to the case under con-
sideration, we find that the answer and counterclaim
alleges in substance that the true agreement between
the parties was that the defendant was to pay plaintiff
$25.00 per month, whereas, by error, oversight and mis-
take, the contract provided that he should pay plaintiff
$40.00 per month. If it be true that the parties merely
intended to contract for the payment of $25.00 per month
but by mistake entered into a contract providing for the
payment of $40.00 per month, then the mistake was
mutual. We, therefore, conclude that mutual mistake
may be readily inferred from the facts alleged and the
answer and counterclaim is therefore sufficient. The suf-
ficiency of the answer and counterclaim is not affected by
the defendant's failure to state when he discovered the
mistake, since that feature of the case bears only on the
questions of limitation and laches, which are not raised
by the demurrer; nor is the sufficiency of the pleading
affected by the fact that defendant continued to make the

payments for several years, since that inquiry will not become material until the case is tried on the merits. In our opinion the demurrer to the answer and counterclaim should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.