### Williams v. Howard.

Appeal from Harlan Circuit Court.

### Williams v. Davis, Judge.

Petition for Writ of Mandamus.

(Decided September 27, 1921.)

1. Appeal and Error—Final Order.—A judgment or order of court, or judge thereof, which does not end or finally dispose of an action or proceeding is not appealable. A final judgment or order is such as at once puts an end to the action or proceeding by declaring the plaintiff has either entitled himself, or has not, to recover the remedy sued for; it disposes of the merits of the case and settles the rights of the parties under the issues made by the pleadings and thereby puts the parties out of court,

2.  Appeal and Error—Final Order—Elections.—An order of the circuit court, or judge thereof, sustaining a special demurrer to a notice and petition instituting an election contest, on the ground of want of jurisdiction, but which fails to dismiss or otherwise finally dispose of the contest, is not a final order or judgment from which an appeal will lie.

3.  Elections—Contest—Mandamus.—In such case the remedy open to the contestant is provided by the writ of mandamus, which, upon his petition, may be granted by the Court of Appeals, under the authority conferred by section 110, Constitution, not for the purpose of requiring the setting aside of the order complained of, but to compel the circuit court or judge to enter such further order or judgment as will end and finally dispose of the case; and, upon the petition of the contestant and showing of facts made by the record before this court, such writ is granted in his behalf.

4.  Mandamus—Discretion—Correction of Decision.—The writ of mandamus may be issued to compel action on the part of a judicial officer; but if the latter has a discretion over the subject matter the writ will not issue to control such discretion, although it may have been improperly exercised. If, however there is a refusal to act upon the subject matter, or to pass upon the question upon which such discretion is to be exercised, then the writ may be used to enforce obedience to the law. But when the question has been passed on the writ will not be used for the purpose of correcting the decision.

JOHN D. CARROLL and HALL, JONES & LEE for appellant.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing appeal in the case first set out above, and granting writ of mandamus in the second.

B. M. Williams and M. W. Howard, the former styled appellant and the latter appellee, in the caption of this opinion, were, with others, candidates at the August primary election, 1921, for the Republican nomination for the office of county judge of Harlan county, and the canvass by the county board of election commissioners of the votes returned from the several precincts of the county by the election officers thereof resulted in its declaring Howard the Republican nominee for the office in question, and awarding him the certificate of such nomination. Thereupon Williams, claiming to have received a majority of the legal Republican votes cast in the primary and, by reason thereof, to be entitled to the Republican nomination for the office of county judge, by the due filing and service upon Howard within five days after the

issuance to him of his certificate of nomination of the required statutory notice, particularly setting forth the grounds therefor, instituted against the latter in the Harlan circuit court a contest attacking his right to such nomination and asserting his own right to same. The filing of the notice of contest was accompanied by the filing of a petition setting forth the same grounds of contest contained in the notice.

Following the service upon him of the notice of contest the contestee, Howard, within the time required by the statute for responding to same, filed thereto a pleading styled: "Special Demurrer. General Demurrer. Motion to Strike. Response to Grounds of Contest and Counter Contest and Grounds Thereof." In the beginning paragraph of this pleading it was stated, however, that the contestee entered his appearance only for the purpose of insisting on his special demurrer to the notice of contest and petition of the contestant which had been filed with it. The special demurrer went to the jurisdiction of the court and the judge thereof, and was, upon the submission of the proceeding thereon, sustained by the court, it being, in substance, declared by the order manifesting this ruling, without stating the reasons therefor, that neither the Harlan circuit court nor the judge thereof had jurisdiction to "hear and determine the contest attempted to be set up in the petition and notice.

An exception was taken by the contestant, Williams, to this ruling and an appeal prayed and granted. He has filed in this court a transcript of the record from the circuit court as in taking an appeal and asks of us a review and a reversal of the order of the circuit court sustaining the special demurrer to its jurisdiction.

We think it clear that an appeal will not lie from this order, therefore it cannot be reviewed, because it is not a final order, as it does not in terms or effect dispose of or end the contest. "A final judgment or order is such as at once puts an end to the action by declaring the plaintiff has either entitled himself, or has not, to recover the remedy sued for; it disposes of the merits of the case, and settles the rights of the parties under the issues made by the pleadings, or disposes of the case and puts the parties out of court." Harrison v. Stroud, 150 Ky. 797; Alexander v. DeKermel, 81 Ky. 345; Comlth. v. L. & N. R. R. Co., 16 R. 484; Maxwell v. England, 115 Ky. 783; The Trade Discount Co. v. Cox & Co., 143 Ky. 516; 3 Blackstone Com. 497.

As this court has appellate jurisdiction only of final orders and judgments of inferior courts, we cannot, as asked by Williams, entertain the appeal attempted to be prosecuted by him from the order complained of; hence his appeal is dismissed. He, however, also seeks at the hands of this court another remedy, viz., the writ of mandamus, and to that end has filed a petition against the judge of the Harlan circuit court, containing the grounds relied on for its issuance, to compel the latter to enter such an order or judgment in the contested election proceeding as will finally dispose of same and constitute an appealable order.

The remedy afforded by the writ is the only remedy open to Williams, if indeed that will prove adequate; his right to such relief is abundantly shown in the grounds set forth by the petition for the writ, and which are not discredited by any ground of resistance to the writ interposed by the demurrers or response of the circuit judge. Moreover, if the writ should go the necessity for an immediate granting of it is obvious, as otherwise the proceedings thereunder would be so delayed that Williams, even if successful on the hearing thereof, would scarcely have time to get his name on the ballot for the November election. Furthermore, if the judge of the circuit court should, in obedience to the writ of mandamus, merely add to the order sustaining the special demurrer already entered words dismissing the contest, Williams would be compelled to appeal from it to obtain a review by us of that ruling, and if it should be reversed and the case remanded, there would have to follow in the court below a trial of the contest on its merits, and if an appeal should be taken by either party from the judgment then rendered, it can readily be seen that the determination of such appeal before the November election, would be doubtful. The primary election statute seems to contain no provision for averting the injury thus threatened the rights of the contestant; and as the order causing the threatening conditions is not an appealable one and cannot be reviewed, this court is powerless to give him relief, except through the writ of mandamus.

While under the authority conferred upon it by section 110, Constitution, this court has power to issue "such writs as may be necessary to give it general control of inferior jurisdictions, it will only issue the writ of mandamus to compel action on the part of a judicial officer; but if such officer has a discretion over the sub-

ject matter, the writ will not issue to control such discretion, although it may have been improperly exercised. If, however, there be a refusal to act upon the subject matter or to pass upon the question upon which such discretion is to be exercised, then the writ is to be used to enforce obedience to the law. But when the question has been passed on the writ will not be used for the purpose of correcting the decision.'' Speckert v. Ray, Judge, 166 Ky, 622; Board Trustees v. McCrory, 132 Ky. 89; J. B. B. Coal Co. v. Halbert, Judge, 169 Ky. 687; Comth. v. McGlone, 153 Ky. 296.

We may not, therefore, by the writ of mandamus direct the judge of the Harlan circuit court to change his ruling or set aside his order respecting the sustaining of the contestee's special demurrer to the contestant's notice of contest or petition, compel him to take jurisdiction of the contest or direct him to try or finally dispose of it on its merits, but we have the power to compel him by the writ to make such order in addition to and in connection with the sustaining of the special demurrer as will be a final order disposing of the case, and as it is alleged in the petition of Williams and admitted by the respondent, judge, that he has refused to make or enter such an order as above indicated, the writ of mandamus is granted to compel him to do so. But the appeal prosecuted by the contestant, Williams, from the present order is dismissed.

The whole court, except Judge Sampson, sitting.