## Cromwell, et al. v. Stevens, et al.

(Decided December 18, 1925.)

### Appeal from Pulaski Circuit Court.

1. Wills—Holographic Will May be Probated on Evidence of Attesting Witness who is Devisee, Without Detsroying Devise.—A holographic will may be probated on evidence of attesting witness who is devisee, without destroying devise, Kentucky Statutes, section 4836, not applying.

2. Descent and Distribution—Wills—Attesting Witness, who was Devisee, May Prove Execution of Will, but Bequest to Him Becomes Void, but Invalidity Does Not Destroy Right to Inherit.—Attesting witness, who was devisee, may prove execution of will, and bequest to him becomes void, but that does not prevent his taking share of estate by inheritance, in which event his share cannot exceed amount of devise.

3. Pleading—Petition Alleging Invalidity of Devise to Attesting Witness who Proved Execution of Will Held Insufficient on Demurrer.—Petition alleging invalidity of devise to attesting witness under Kentucky Statutes, section 4836, because witness proved execution of will, in absence of allegation that will was not holographic, was insufficient on demurrer, under rule requiring pleadings to be construed most strongly against pleader.

4. Pleading—Pleading Must Negative Existence of Facts which Law Infers or Presumes from Facts Alleged.—A pleading must negative existence of facts which law infers or presumes from facts alleged.

5. Pleading—Dismissal of Entire Cause on Plaintiff's Refusal to Plead Further After Demurrer was Sustained Held Not Error.—Where demurrer to part of petition was properly sustained, and balance had been dismissed by plaintiffs without prejudice, court did not err in dismissing entire cause on plaintiffs' refusal to plead further.

BEN V. SMITH & SON for appellants.

M. L. JARVIS for appellees.

Opinion of the Court by Judge Sampson—Affirming.

By this suit in the Pulaski circuit court appellants Minnie Cromwell, et al., sought a construction of certain parts of the will of A. J. Stevens, probated in the Pulaski county court on a previous date. The decedent, Stevens, had been twice married. By Sarah, his first wife, he had several children, all now adults. Some twenty or more years before his death he and Sarah separated, he going to Idaho to make his home, while she continued, as it seems, to reside in Ohio, the place of their former residence. About 1910 Stevens married appellee, Beatrice E. Stevens, in Idaho and continued to live with her until his death in 1923, at Somerset, Pulaski county, Kentucky. His will, dated at Somerset, March 6, 1923, reads as follows:

"Last requests of A. J. Stevens. His holdings are $5,000.00 in the Idaho Loan & Investment Company; $2,760.00 with Johnson and Vicker in Blackfoot, Idaho; $800.00 in war savings stamps; $400.00 with Claude Morgan in Blackfoot, Idaho.

"The sum of these holdings with interest added is to be divided in half, his wife, Beatrice Stevens, to get half and the other half to be divided equally between his children, Mae, Marie, Ella and Laura, and his stepson, Orange Evans. A. J. Wilson to have his watch, knife and family keepsakes.

"Mary Morgan is given his set of U. S. Encyclopedia. His wife gets all other books, the homestead in Somerset goes to his wife.

"E. M. Stevens is named as administrator."

This suit was brought to obtain a judgment invalidating the devise to Beatrice on the ground that she, an attesting witness to the will, and the only person by whom its execution could be proven, was called and testified as a witness at the probate proceedings, under provisions of section 4836, Kentucky Statutes. The cause went off on demurrer of defendant to the third paragraph of the petition, which alleged:

"Plaintiffs further state that the devise in the will of A. J. Stevens herein to Beatrice E. Stevens is void because she was a witness to the will of the said A. J. Stevens, deceased, and gave her evidence in probating said will before the Pulaski county

court, and she later gave her evidence upon the appeal in the Pulaski circuit court in establishing said will; that the provisions in his said will, providing for the said Beatrice E. Stevens, is therefore void and she should not be permitted to take anything thereunder. Plaintiffs further state that the defendant, Beatrice E. Stevens, is not entitled to any of the property of the said deceased as a widow because she was not the lawful wife of the said deceased as hereinbefore alleged.''

Upon the demurrer being sustained to this paragraph the plaintiffs, now appellants, moved to dismiss without prejudice the other paragraphs of the petition, declined to further plead, and when the court dismissed their cause, prayed and were granted this appeal. The petition nowhere avers that the will was not written in the hand of the testator, H. H. Stevens. If the paper was wholly holographic it could be probated upon the evidence of the attesting witness who is devisee without destroying the devise. Hart v. Vairin, 175 Ky. 468. In other words, that part of section 4836 inhibiting the probation of wills upon the testimony of an attesting witness named as devisee in the paper does not apply to holographic wills. It has recently been held in the case of Calvert, et al. v. Calvert, et al., 208 Ky. 760, that the devise to an attesting witness is not rendered invalid by his evidence given in support of the probation where the will could have been probated without his testimony. If the execution of the will cannot be otherwise proven then the attesting witnes who is a devisee may testify to establish the will, but if he does so the bequest to him shall be void, but that will not prevent his taking a share of the estate by inheritance if he be otherwise entitled, but in no event shall the share so taken as heir exceed the value of that attempted to be devised to him by the paper. As there was no averment that the will was not holographic the pleading must be held insufficient upon demurrer under the rule requiring pleadings to be construed strongest against the pleader. There is a well established rule to the effect that where the law infers or presumes from facts alleged that another fact exists which would defeat the action, it is necessary that the pleading negative the existence of such fact, otherwise the pleading will be demurrable. For instance, if the pleading declare upon a contract but omits to aver that the contract is in writ-

ing, the presumption on demurrer is that the contract was oral, and in an action against a defendant for failing to deliver property or perform other duties, the plaintiff must allege that the defendant did not deliver the property or perform the duty undertaken. So also in a case of malicious prosecution, the petition must state that the defendant, without probable cause, had the plaintiff arrested. Newman on Pleading and Practice, section 552. Many other instances of similar negative allegations that are necessary to make a pleading good on demurrer could be cited.

It follows that the demurrer was properly sustained to the third paragraph of the petition. The balance of the petition having been dismissed by plaintiff without prejudice, the court did not err in dismissing the entire cause when the plaintiff declined to further plead.

Judgment affirmed.