## Webb et al. v. Kersey et al.

(Decided June 22, 1934.)

V. R. LOGAN for appellants.

B. M. VINCENT and RODES & HARLIN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

John W. Kersey was appointed as committee of Peter B. Kersey, a person of unsound mind, on October 6, 1926. Peter B. Kersey died in March, 1928, and John W. Kersey, on April 2, 1928, was appointed administrator of his estate, executing bond with J E Kersey as his surety. At the June term, 1928, the will of Peter B. Kersey, executed June 10, 1919, was admitted to probate; Effie Minton Sanders was named as executrix; she qualified and executed bond with the Detroit Fidelity & Surety Company as her surety. By the will all the property of the testator, after the payment of debts and funeral expenses, was devised to his niece Effie Minton Sanders and her two infant children, Mary Minton Webb and Clyde Minton, each to have a one-third undivided interest therein. On April 11, 1931, Lonard Webb

duly qualified as guardian of Mary Minton Webb, an infant over 14 years, and in March, 1933, filed this suit against John W. Kersey, his surety, and Effie Minton Sanders and the Detroit Fidelity & Surety Company, alleging the above facts. It also was alleged that on May 7, 1928, John W. Kersey made his final settlement with the Edmonson county court, which was approved by the court directing the committee to pay over to himself as administrator the estate in his hands and ordering that Kersey as administrator receipt himself as committee for the balance in his hands, $4,717.56. These words are added:

"And the said Lonard Webb, now tenders to the said John W. Kersey and Effie Minton, a bond, they being the administrator of the estate herein and the executrix of the will described as aforesaid, with good and sufficient surety, covenanting that the Lonard Webb, guardian for Mary Minton Webb would refund to the said John W. Kersey and/or Effie Minton Sanders, administrator and executrix, respectively, the said Mary Minton Webb's proportionate part of any debts or demands which might afterward appear against the said Peter B. Kersey and the costs attending same and requests the said John W. Kersey and/or for the use and benefit of Mary Minton Webb, the sum of $1572.52, being the sum due her as a beneficiary of said will."

The petition closes with a prayer for judgment for this amount against defendants and for all relief that to the court they may appear entitled. On March 27, 1933, this order was entered:

"The defendants herein having filed a special demurrer herein to the court's jurisdiction and the court having heard arguments of counsel and being sufficiently advised is of the opinion that said demurrer should be overruled. It is therefore ordered by the court that said special demurrer be and the same is hereby overruled and the defendants John Kersey, J. E. Kersey and Effie Minton are given until the first day of May to file their answer herein to all of which the defendants object and except."

On May 1, 1933, the defendants, Effie Minton Sanders, John W. Kersey, and J. E. Kersey, filed a general demurrer to the petition. One June 21, 1933, the Detroit Fidelity & Surety Company, as shown by the order, filed the paper titled "special demurrer to the petition." It

first contained an objection that **no cause of** action against it was stated, and added:

"Defendant further states that the petition shows that the plaintiffs are attempting to prosecute this action against the said Effie Minton Sanders, and this defendant as her surety on her bond as guardian for the said Mary Minton Webb, and said petition shows on its face that no settlement has ever been made by such guardian with the county court of Edmonson County declaring and fixing any such sum or any other sum as being in her hands as such guardian; that this action can not be maintained against this defendant as such surety until the establishment of such liability by the proper court." The court entered the following order:

"This day came defendant Detroit Fidelity and Surety Company and presented and filed its special demurrer to plaintiff's petition and the court being advised sustains the same and the petition is ordered dismissed to which plaintiff excepts. The plaintiff objected to the filing and presenting of special demurrer and being overruled by the court, excepts said objections being on the ground that defendants, John W. Kersey, J. E. Kersey and Effie Minton had filed demurrer at the last term of this court and same was overruled and the court being advised same is overruled. Further plaintiff objects to the filing of this special demurrer at this time because was not presented at either of the rule days since the Detroit Fidelity and Surety Company had been summoned and same is overruled to which plaintiff excepts and the plaintiffs further objected and excepted to the filing of said special demurrer on the grounds that the defendants John W. Kersey, J. E. Kersey and Effie Minton Sanders had, before the filing of said special demurrer filed a general demurrer to the petition and the plaintiffs further object and except to this order applying to or affecting the defendants John W. Kersey, J. E. Kersey and Effie Minton Sanders."

By a subsequent order an appeal to this court was granted the plaintiff.

It must be borne in mind the defendants John W. Kersey and Effie Minton Sanders only filed a general demurrer to the petition; the Detroit Fidelity & Surety

Company alone filed a special demurrer to it. Its special demurrer was sustained, and the petition as to it was dismissed. As we interpret the orders of the court, the petition was dismissed only as to the Detroit Fidelity & Surety Company, and the general demurrer of the Kerseys and Sanders was overruled, and the case remained on the docket as to them.

The perplexing question is the interpretation of the orders of the court and determining therefrom just what the circuit court decided. The orders are badly phrased, and apparently the one contradicts the other. A careful study convinces us that a correct reading of them is they only sustain the special demurrer of the Detroit Fidelity & Surety Company and dismissed the petition only as to it, and neither order dismissed the petition as to John W. Kersey, J. E. Kersey, and Effie Minton Sanders. An order overruling or sustaining a demurrer, without further action of the court is not appealable. Bennett v. City of Louisville, 62 S. W. 1041, 23 Ky. Law Rep. 373; Ferguson v. Mason, 50 S. W. 15, 20 Ky. Law Rep. 1702. Therefore the petition not having been dismissed as to the defendants John W. Kersey, J. E. Kersey, and Effie Minton Sanders, the case is not appealable, and the appeal must be dismissed as to them. The order dismissing the petition as to the Detroit Fidelity & Surety Company was a final order as to it from which an appeal lies to this court.

Section 92 of the Civil Code of Practice defines a special demurrer as an objection to a pleading which shows:

"(a) The court has no jurisdiction; (b) plaintiff no legal capacity to sue; (c) another action is pending; and (d) defect of parties."

Where either ground of special demurrer is relied upon, the defect must appear on the face of the petition, and, if the defect of the petition or the ground of a special demurrer, to which the pleader intends to point out by the special demurrer, does not appear on the face of the petition, a recitation of the facts in the special demurrer, not appearing on the face of the petition, cannot thus be supplied by a special demurrer. In other words, a special demurrer cannot itself present a ground of a special demurrer by a recitation of a fact or facts not shown by the petition (Louisville & N. R. R. Co. v. Mitchell, 162 Ky. 253, 172 S. W. 527; Hughes

v. Shehan, 192 Ky. 619, 234 S. W. 285; Miles v. United Oil Co., 204 Ky. 345, 264 S. W. 761), unless the plaintiff has no right at all to maintain the action. In such case an objection on this ground can be made by a general demurrer. Louisville & N. R. R. Co. v. Brantley, 96 Ky. 297, 28 S. W. 477, 16 Ky. Law Rep. 691, 49 Am. St. Rep. 291; Bannon v. Fox, 199 Ky. 262, 250 S. W. 966.

The petition herein not showing on its face any ground for a special demurrer as a special demurrer is defined by section 92 of the Civil Code of Practice, the court therefore concludes the special demurrer of the Detroit Fidelity & Surety Company was erroneously sustained and the petition improperly dismissed.

Wherefore the judgment is reversed as to the Detroit Fidelity & Surety Company, and the appeal is dismissed as to John W. Kersey, J. E. Kersey, and Effie Minton Sanders; cost adjudged equally against appellee Detroit Fidelity & Surety Company and appellants.