## Campbell v. Daugherty et al.

(Decided May 17, 1935.)

J. W. HARLAN, E. C. NEWLIN, Jr., and BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

C. E. RANKIN, I. C. JAMES and E. V. PURYEAR for appellees.

OPINION OF THE COURT BY JUDGE STITES—Dismissing appeal.

This is a proceeding for a declaratory judgment, together with other incidental relief. The trial court sustained a demurrer to the petition and then proceeded to make a declaration of rights. The plaintiff did not decline to plead further, nor was the petition dismissed. The ruling of the trial court, therefore, was purely interlocutory, and not final, and this court is without jurisdiction to entertain the appeal. Kentucky Stats. sec. 950-1. Webb v. Kersey, 255 Ky. 217, 73 S. W. (2d) 4; Williams v. Howard, 192 Ky. 356, 233 S. W. 753; Harrison v. Stroud, 150 Ky. 797, 150 S. W. 993; Trade Discount Co. v. J. R. Cox & Co., 143 Ky. 515, 136 S. W. 901; Bennett v. City of Louisville, 62 S. W. 1041, 23 Ky. Law Rep. 373; Alexander v. De Kermel, 81 Ky. 345, 5 Ky. Law Rep. 382; Ferguson v. Mason, 50 S. W. 15, 20 Ky. Law Rep. 1702; Commonwealth v. Louisville & N. R. Co., 29 S. W. 331, 16 Ky. Law Rep. 484.

Moreover, grave public questions are involved, vitally affecting numerous persons not before the court. Under the power given us by section 6 of the Declaratory Judgment Statute (Civ. Code Prac. sec. 639a-6) to remand a case for further pleadings or proof where, in our judgment, they are necessary to a final and correct decision of the matters involved, we would be compelled to remand this case, as now presented, even if it were legally before us.

Since we are without jurisdiction of the appeal, we could not accept the invitation of appellees to proceed with a declaration of rights, even though we determined that the case presented was a proper one for declaratory relief.

The appeal is dismissed.

Whole court sitting.