# Green et ux. v. George et al.

Feb. 6, 1942.

As Modified on Denial of Rehearing March 27, 1942.

834

Marcus C. Redwine for appellants.

S. T. Davis for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The defendants, C. B. and W. W. George, are the owners of the St. George Hotel located in Winchester, Ky. By a written contract dated March 15, 1939, they

leased this hotel for a period of two years to the plaintiffs, George C. Green and wife, Marguerite, who operated same for about sixteen months. There were certain business establishments on the ground floor of the building and the lease did not include that floor, but only the second and third stories appear to have been used for hotel purposes. The entire building had one heating plant which the contract obligated the lessees to operate and to keep in proper repair. The lessees agreed to pay the lessors 5½c per kilowatt hour for all current used, which rate was subject to change if the utility company changed its rates.

In the contract the lessors reserved seven specific rooms and two adjoining baths for their own use. It was further provided that the lessees would furnish the lessors board for five persons, or if the lessors preferred, the lessees would furnish them board for four persons and in lieu of the board for the fifth person, they would furnish board for all of lessors' guests, at the rate of 20c per meal. All meals missed by the lessors during the month "will be paid for by the lessees in cash at the rate of 20c per meal, or lodging on the first day of each month thereafter."

The lease further provided that the lessees are to keep the heating plant and the plumbing in proper repair, and required a deposit of $200 in cash with the lessors as security for lessees' performance of the contract. No rental is provided in the lease and it appears that the obligations imposed upon the lessees of furnishing the coal, utilities, keeping the heating and plumbing in proper repair and furnishing seven rooms to the lessors and board for five persons, or for four persons and all guests of lessors, was in lieu of rent.

On August 30, 1940, the lessees brought this action at law against the lessors. The first paragraph alleged that the lessees were inexperienced in operating a hotel and the lessors were experiencd in such matters, especially as to the plumbing and heating equipment in the hotel, and that the lease contract was signed through mistake on the part of the lessees as a result of fraud practiced on them by the lessors; that as a result of the lessors' refusal to redecorate the hotel (no mention of which was made in the contract), and to repair the plumbing, the hotel has been condemned by the State Board of Health, and the lessees have been damaged by

the breach of contract by lessors "as hereinafter set out." Then follow paragraphs two to seven wherein the damages are alleged, ending with a prayer asking that the contract be reformed and a judgment for $841.52 in damages against defendants.

We will briefly take up the material allegations in each of these paragraphs. The second paragraph alleges an overcharge by the defendants of 1,019 kilowatt hours at 5½c, or $56.04; also, that the defendants charged plaintiffs at the rate of 5½c per kilowatt hour while defendants only paid 4c, and on the current consumed this item amounted to $126.73, making a total of $182.77, which the plaintiffs seek to recover in this paragraph. In paragraph three plaintiffs alleged they should recover $13.95 for replacing a worn out part of the furnace. In paragraph four they allege they should recover $130.40 which they paid defendants for meals missed by one Kate George, whom defendants fraudulently led plaintiffs to believe was a member of their family when she was not, and plaintiffs ask that the contract be reformed so as to obligate them to furnish board only for defendants' family of four persons. In paragraph five plaintiffs alleged they were caused to expend $64.40 in excessive water bills, by reason of defendants' failure to repair the plumbing. In paragraph six plaintiffs alleged that on account of the failure of defendants to carry out their contract in repairing the plumbing and heating systems and in allowing parts of the hotel to become "untenantable, uninviting, uncomfortable and unattractive" they have lost business in the sum of $250 which they should recover from defendants. The seventh paragraph alleges the plaintiffs have performed their part of the contract and they demand the return of the $200 deposited with defendants to guarantee their compliance with the terms thereof.

The court sustained the defendants' motion to transfer the cause to equity and to "divide the second paragraph into 2a and 2b." Thereupon defendants filed a general demurrer to the petition which was sustained to all of it except paragraph two relating to the item of $56.04, an overcharge on 1,019 kilowatt hours of electric current.

The plaintiffs filed an amended petition in seven paragraphs setting up the same damages and praying as in their original pleading. The first paragraph of the

amendment alleged that the defendants falsely repre-sented the plumbing and heating systems to be in good condition and in sufficient repair to enable plaintiffs to operate the hotel without expenditures on the plumbing and heating systems; that there were latent defects therein unknown to the plaintiffs, who relied upon the representations made by the defendants and they would not have signed the contract but for such false represen-tations. It is further alleged that defendants promised to redecorate the hotel which they failed to do and the hotel became unsightly and dirty and was condemned by the State Department of Health. The allegations in the amendment as to the remaining six paragraphs are but a reiteration of practically the same facts as set out in the original petition.

The court sustained a demurrer to all the amended petition, except paragraphs one and seven. The plain-tiffs declined to plead further and moved the court to dismiss as to the paragraphs to which the demurrer was sustained and then moved the court to dismiss without prejudice paragraph seven (which seeks a recovery of the $200 deposit), which motion closes with these words:

"The plaintiffs move the court to dismiss the peti-tion as amended with the exceptions saved to the plaintiffs, so appeal can be prosecuted."

This motion was sustained by the court.

It is urged by the plaintiffs that the court erred in transferring the case to equity before answer was filed, and in sustaining the demurrer to five paragraphs of the petition as amended. Defendants contend that as the amended petition was dismissed on motion of the plain-tiffs, any error which might have been made by the court in so doing was at the invitation of the plaintiffs and they cannot complain thereof.

It will be noticed that the court overruled the demur-rer to paragraph 2a of the original petition relative to the overcharge of 1019 kilowatt hours at 5½c, or $56.04, and to paragraphs one and seven of the amended peti-tion relative to the recovery of the $200 deposit. But plaintiffs moved to dismiss these paragraphs without prejudice and we need not consider them further.

The plaintiffs argue it was error to transfer the cause to equity before answer was filed, citing 1 Newman.

Pleading and Practice, Section 100, p. 87. But Section 10, Subsection 2, of the Civil Code of Practice reads:

"The defendant, by motion made when or before he answers, may have an ordinary action transferred to the equity docket, if, according to the provisions of Section 6, it should have been an equitable action."

Section 6 reads:

"Actions of which courts of chancery had jurisdiction before the first day of August, 1851, may be equitable; and actions of which such jurisdiction was exclusive must be equitable. All other actions must be ordinary."

The basis of plaintiffs' action was a reformation of the written contract. Such an action is cognizable only in equity. 53 C. J., Sections 2 and 3, 907; Lindenberger v. Rowland, 158 Ky. 760, 166 S. W. 242; Kentucky Title Co. v. Hail, 219 Ky. 256, 292 S. W. 817. Therefore, the court did not err in transferring the case to equity before the answer was filed as it should have been brought on the equity side of the docket.

After the court sustained a demurrer to all of the petition as amended, except the two paragraphs which the plaintiffs asked to be dismissed without prejudice, there was nothing for the court to do except to dismiss the entire petition when the defendants declined to plead further. Cromwell v. Stevens, 212 Ky. 209, 278 S. W. 555. There was no invited error on the part of the plaintiffs in moving to have their entire petition dismissed, but it was a mode of procedure to have this court determine whether the trial court erred in sustaining the demurrer to those paragraphs of the amended petition, since an order sustaining or overruling a demurrer is not final unless judgment is entered following it. Alexander v. DeKermel, 81 Ky. 345, 5 Ky. Law Rep. 382; Com. v. Louisville & N. R. Co., 29 S. W. 331, 16 Ky. Law Rep. 484; Williams v. Howard, 192 Ky. 356, 233 S. W. 753; Webb v. Kersey, 255 Ky. 217, 73 S. W. (2d) 4; Campbell v. Daugherty, 259 Ky. 372, 82 S. W. (2d) 460. The plaintiffs are not complaining of the action the court took on their motion to dismiss without prejudice the two paragraphs of their petition as amended to which the demurrer was overruled, but their complaint is that the

court erroneously sustained the demurrer to the other five paragraphs of their amended pleading.

We come now to the real issue, whether or not the plaintiffs' amendment contained sufficient allegations for a reformation of contract. The general rule is that in pleading a cause for reformation of a contract there must be set forth in clear and concise language the grounds for reformation, the agreement actually made, and the agreement the parties intended to make. Lindenberger v. Rowland, 158 Ky. 760, 166 S. W. 242; Stark v. Suttle, 181 Ky. 646, 205 S. W. 673. Without repeating what is contained in the first paragraph of the amendment, it will suffice to say it does not contain the necessary allegations upon which to base the reformation of the contract. It does not allege what was omitted therefrom, or what the true agreement between the parties was, or how the reformed contract should read.

Although the first paragraph does not state facts upon which equity will reform a contract, it does state an action at law for fraud. It alleges the defendants made false representations that the heating and plumbing systems were in good condition and in such repair that plaintiffs would not be required to make any expenditures thereon during their tenancy; that the plaintiffs relied thereon and that the defects in the plumbing and heating systems were latent. The alleged false representations relied upon related to existing and past facts and are such as will support an action in damages for fraud. 12 R. C. L., Section 14, p. 244; Dolle v. Melrose Properties, 252 Ky. 482, 67 S. W. (2d) 706; Collins-Moore & Co. v. Clement, 256 Ky. 731, 77 S. W. (2d) 1; Electric Hammer Corp. v. Deddens, 206 Ky. 232, 267 S. W. 207; Bunch v. Bertram, 219 Ky. 848, 294 S. W. 805.

But plaintiffs cannot recover damages to their goods or business resulting from the unrepaired defects in the heating and plumbing systems. Where a landlord falsely represents the conditions of the property, the tenant can only recover the reasonable cost of making the necessary repairs. Dice's Adm'r v. Zweigart's Adm'r, 161 Ky. 646, 171 S. W. 195, L. R. A. 1916F, 1155; Mahan-Jellico Coal Co. v. Dulling, 282 Ky. 698, 139 S. W. (2d) 749; Maynard v. Maynard, 49 Vt. 297; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123. The plaintiffs stated a cause of action in paragraph three as amended wherein they alleged they expended $13.95 in repairing the furnace,

but did not state a cause of action in paragraph five wherein they alleged $64.40 was expended in the excessive water bills by reason of leaks due to defective plumbing; nor in paragraph six wherein they alleged damages of $250 from loss of business due to these same defects.

The plaintiffs saw the condition of the paint and paper in the hotel before leasing same, and the alleged false and fraudulent representation of defendants to redecorate was but a promise in futuro and will not support an action for fraud. 12 R. C. L., Section 14, 244; Dolle v. Melrose Properties, 252 Ky. 482, 67 S. W. (2d) 706; Electric Hammer Corp. v. Deddens, 206 Ky. 232, 267 S. W. 207. Therefore, the demurrer to paragraph six as amended wherein plaintiffs sought recovery for loss of business by reason of defendants' refusal to redecorate was properly sustained.

The allegations in the fourth paragraph relative to the recovery of $130.40 paid defendants because of the alleged false representations that a member of their family missed meals, does not state a cause of action. The contract the plaintiffs file as an exhibit to their petition shows plaintiffs agreed to furnish meals for five persons, or at the option of lessors to furnish meals for four persons and in lieu of the fifth person they would furnish meals to all of lessors' guests. While the amended petition alleges the word "five" should be stricken and "four" should be inserted in lieu thereof, it fails to allege that the alternative provision relative to guests was the result of fraud or mistake. It was immaterial whether the person who missed the meals was a member of defendants' family in the event plaintiffs agreed to furnish meals to five people, and rebate defendants for all meals any of the five missed.

The lease contract does not recite defendants were to furnish electricity to the plaintiffs at cost, but at 5½c per kilowatt hour. Nor does the second paragraph of the petition as amended aver defendants agreed to do so, but it only avers defendants falsely represented the electric current cost them 5½c per kilowatt hour, when in truth it cost defendants only 4c. Such averments are not sufficient to charge fraud and the demurrer was properly sustained to this part of the second paragraph, which was numbered 2a when it should have been numbered 2b.

The allegations of the petition as amended in para-

graphs 2a (should be 2b), 4, 5 and 6 did not allege a cause of action and the court did not err in sustaining a demurrer thereto. However, paragraph three when considered in connection with the allegations of fraud contained in the first paragraph of the amended petition did state a cause of action and the court erred in sustaining the demurrer thereto for which the judgment dismissing the petition must be reversed.

The judgment is reversed.