## Cecil et al. v. Meade et al.

May 30, 1947.

Henry Stephens, Judge.

J. B. Clarke and Willis Staton for appellants.

Woodrow Burchett for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The case relates to a schism in a small church at Laynesville, Floyd County, known as the "Church of Christ." The denomination is also variously called the "Christian Church" and the "Disciples of Christ." Some of the local churches of this denomination do not use instrumental music or support foreign mission organizations or observe some other practices and tenets. This branch is ordinarily designated as the Church of Christ, as distinguished from the other names, except in the Big Sandy Valley of Kentucky, where that name is used by both branches. See Parker v. Harper, 295 Ky. 686, 175 S. W. 2d 361.

The suit was instituted by Mrs. May Cecil and two others as members and "duly elected trustees in and for the Church at Harold, in the County of Floyd and State of Kentucky, who are charged with the duty to protect and preserve the church property, located and situated in the town or village of Laynesville, at Harold, Kentucky." It charges the defendants with having wrongfully taken possession of the church property of the plaintiffs and others. In short, the plaintiffs represent the "organ" group and the defendants the "anti-organ" group. It is alleged that the division was caused by the activities of A. E. Harper and Roy Hall, specifically. Harper is the roving evangelist who broke up the little congregation at Martin, another village in Floyd County, and illegally took it away from the original group. Parker v. Harper, supra. The petition is framed to accord with that opinion.

The court sustained a special demurrer to the petition on the ground that the plaintiffs "as shown by the pleadings and testimony, have no capacity to sue for the reasons as shown by the record herein; said plaintiffs are not trustees or directors or members or officers of the Church of Christ in Laynesville, Floyd County, Ken-

tucky, which is a separate, distinct and independent organization to the 'Christian Church' as shown by the exhibit filed with the petition.'' No answer raising this issue had been filed, although it was stated in the special demurrer. Exceptions had been offered to depositions taken by the defendant upon the ground that they had been taken and filed before answer. The court never ruled on the exceptions, but the judgment recites the testimony was considered. The defendants had no right to take the depositions. Civil Code of Practice sec. 557. A casual examination reveals that in substance the defendants testified plaintiffs were not members because they, the defendants, had expelled them.

The deed filed with the petition was made July 19, 1933, to ''the officers and directors of the Church of Christ at Laynesville, Floyd County, Kentucky, or their successors.'' It is averred in the peittion that there were never in fact any ''directors'' of the church, but two named men were elders remaining with the plaintiffs in their allegiance, although they were not made parties to the suit. One of the defendants, J. M. Hale, was an elder who had gone off with Harper.

As held in the Dwale Church case (Damron v. Clifton, 305 Ky. 21, 202 S. W. 2d 721), the statements in the petition alone should have been considered in passing on the special demurrer. These, we hold, are sufficient to show the right of the plaintiffs to maintain the suit.

Judgment reversed.