## Damron et al. v. Clifton et al.

May 30, 1947.

Henry Stephens, Judge.

Bascomb J. Clarke and Willis Staton for appellants.

Woodrow Burchett for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

This suit relates to the division in the Church of Christ at Dwale, Floyd County. It is the fruit of the disturbing activity of the Reverend A. E. Harper, as were the schisms in the small churches at Martin and Laynesville. See Parker v. Harper, 295 Ky. 686, 175 S. W. 2d 361, and Cecil v. Meade, 305 Ky. 22, 202 S. W. 2d 722. The major difference between this case and the others is the charge that the defendants, namely, the Harper faction, had wrecked and torn down the building and·

converted its material to their own use in the erection of a church on another lot. The plaintiffs prayed for a judgment of $1,000 against the defendant and a lien on the new building, or, in the alternative, the right to tear down and remove it to its former site.

The plaintiffs describe themselves in the petition as members of and the duly elected trustees of the Church of Christ at Dwale, charged with the duty of protecting and preserving the property for the use and benefit of the congregation. The deed dated October 20, 1933 (made in lieu of one which had been lost without being recorded), conveys the property to "the Church of Christ at Dwale, Floyd County, Kentucky." No trustees were named. Under the statutes any religious society may elect trustees, who may maintain an action on its behalf. KRS 273.100, 273.110. And any group of church members have like power even though not appointed by the majority for that purpose. Berryman v. Reese, 50 Ky. 287, 11 B. Mon. 287.

The judgment sustained a special demurrer to the petition because of lack of capacity of the plaintiffs to maintain the suit. The judgment recites that the plaintiffs were not members or trustees of the church at the time the suit was brought. It appears that this was taken from statements in the special demurrer, which were accepted as true rather than the allegations of the petition. That was error. Webb v. Kersey, 255 Ky. 217, 73 S. W. 2d 4. These, it seems to us, are sufficient to show capacity to maintain the suit.

The judgment is reversed.