## Churches Of Christ In Christian Union, Inc., v. Arthur et al.

October 7, 1947.

Edwin R. Denney, Judge.

Bertram & Bertram for appellant.

Duncan & Duncan, J. C. Davis, and J. P. Harrison for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Suit was instituted by appellant against Sam and Ida Arthur and the Union Assembly of God, Inc. The cause was submitted on appellant's petition, defendants' separate answers, which merely denied all allegations of the petition, and certain exhibits. Upon submis-

sion the court adjudged that the deed from Ramsey and wife to M. H. Russell, Gussie Denton and Minnie Kennedy "for the use and benefit of the Church of Christ in Christian Union of Monticello, Wayne County, Kentucky, does not vest title to the property described in the petition in plaintiff but vested title in the congregation, and that said plaintiff herein has no right to maintain this action," and dismissed the petition and granted appeal.

The petition in substance alleges that appellant is a corporation organized under the laws of Ohio (September 1909) with usual powers of contract to sue and be sued &c, and to carry on the business of religious training and teaching and other charitable work, without profit· and having no capital stock; that pursuant to its articles of incorporation it, in November 1918, purchased the described lot in Monticello, and erected a church building for the use of the members of the church residing in Monticello and vicinity, and that it is now the owner thereof. It continued to maintain the church for some twenty years or more, when the church was without a preacher, and many of its members had died, or removed from the vicinity, since when no regular services had been conducted.

It was charged that on October 2, 1940, appellees, Sam Arthur and wife, with knowledge of appellant's title, "went to M. H. Russell, who had long since moved away, and to Gussie (Denton) Gray, both of whom had at one time been members, and induced them as individuals to and they did execute a deed to the church property; that some years thereafter (Oct. 10, 1945) the two procured a deed from Minnie Kennedy (a resident of Colorado) a former member, and that a few days thereafter Arthur and wife conveyed the property to the Union Assembly of God, Inc." It was alleged that defendants have wrongfully taken possession of the church building, locked the doors, "and are illegally depriving plaintiff of the possession thereof for the past four years." It is also alleged that the property is worth $1500. The final prayer is that the deeds to Arthur and wife, and from them to the Union Assembly be cancelled, and plaintiff be adjudged the owner and entitled to possession.

The deed from Ramsey and wife (1918) conveyed the lot to M. H. Russell, Gussie Denton and Minnie Kennedy "for the use and benefit of the *Church* of Christ in Christian Union, Monticello, Wayne County, Kentucky." On October 2, 1940, M. H. Russell and Gussie Denton Gray conveyed the lot to Sam Arthur "for the use and benefit of a Home Mission." Mrs. Kennedy was named as grantee, but did not join. The deed does not state a consideration.

On November 6, 1945, Minnie Kennedy (Ghent) conveyed an interest in the lot to Sam and Ida Arthur "for the use and benefit of a Home Mission." The deed recites that the consideration was $70, and that it was executed to complete a deed made to second parties by Russell and Gray. It conveys to Arthur and wife "one-third undivided interest in the lot." It was also stated that the consideration for the Russell-Gray conveyance to Arthur was $210. Four days after the last named deed was executed, Arthur and wife conveyed the lot to the Union Assembly of the Church of God, Inc., of Monticello, Kentucky, the consideration being $1275, "deposited with the Monticello Banking Company, subject to a check of $70 held by Mrs. Minnie K. Ghent."

The articles of incorporation show the general religious, working and doctrinal purposes of appellant; it empowers it to receive and hold real estate for the benefit of the corporation. There is also exhibited a book of rules which set out the general purposes and plans for government &c. It provides for a board of managers who are to hold in trust grants or devises of lands, and make disposition of lands or buildings held in trust by the corporation. Obviously this refers to lands conveyed to the appellant or held in trust for it.

We find in the book of rules which relates to local churches, a provision for a board of three or five trustees of the local church. Also a provision that all church property shall be deeded to the Churches of Christ in Christian Union, and held in trust by them or their successors; they are to "look after upkeep of the buildings, and hold in trust the title of said real estate."

Appellee stands squarely on the contention that the deed conveyed the property to the trustees of the local church, and this is correct. Whether this was through

mistake or in violation of the rules of the parent church is not divulged by pleadings or proof; there is nothing in the pleadings or exhibits which would authorize the conclusion or assumption that there was created what might be called a resulting trust, as contended by appellant.

The issue should have been so presented that the chancellor might have determined whether the deeds to and from the Arthurs had the effect of passing title. Since he did not pass on this question we shall not undertake to do so; in fact in the state of the record we could not if the task be undertaken.

Appellant insists that the case of Clay v. Crawford, 298 Ky. 654, 183 S. W. 2d 797, is conclusive of the rights of appellant; that under the facts as pleaded and the exhibits there was created a trust in favor of the appellant. A close reading of that case, while the facts may be somewhat similar to the extent shown here, shows clearly that by reason of the pleadings, the form of the deed, and more particularly the proof adduced, a trust in favor of the parent church was created.

It appears to us that the proper proceeding here would have been a suit instituted by the local congregation, or trustees selected by them, then the parent church, if it so chose, to come in by intervention, as was the procedure in the Gray case, supra, or by appropriate proceeding by the parent church. See Cecil v. Meade, 305 Ky. 22, 202 S. W. 2d 722, and the Damron case (Damron v. Clifton, Ky., 202 S. W. 2d 721) cited therein.

We are of the opinion that the chancellor correctly ruled, hence the judgment is affirmed.